MARCUS, Justice.*
Calvin Washington was charged by bill of information with theft of a Homelite pump having a value of five hundred dollars or more in violation of La.R.S. 14:67. At the arraignment, defendant entered a plea of not guilty. Thereafter, defendant withdrew his former plea of not guilty and entered a plea of guilty. The trial judge accepted the guilty plea after determining that it was made voluntarily and with an understanding of the nature of the charge. A presentence investigation was ordered. Subsequently, after receiving the presen-tence report, the trial judge sentenced defendant to serve six years at hard labor and to pay a fine of one thousand dollars. On appeal, defendant relies on four assignments of error for reversal of his sentence.
ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
Defendant contends the trial judge erred in failing to state adequately his reasons for imposition of the sentence as required by La.Code Crim.P. art. 894.1 and in taking into consideration hearsay statements implicating him in other crimes. He also argues that the sentence imposed is excessive.
The presentence report reflects that on February 14, 1981, Paul Fleming, John Fleming, Rickey Randell and defendant drove to a pond located at White & Wilkin’s woodyard in Claiborne Parish, Louisiana. A large water pump belonging to Herbert Cockrell was located on the east side of the pond. Defendant and his companions removed the pump from its location and transported it across the state line into Arkansas. There, they sold the pump to Winston Waller and split the proceeds. Subsequently, Paul Fleming confessed to the crime and implicated defendant. Thereafter, defendant also confessed to his participation in the theft.
The presentence report further reveals that defendant is eighteen years of age. He was born in Shreveport, Louisiana, and has resided in Haynesville all of his adult life. He completed the tenth grade at Haynesville High School. He currently resides with his disabled father, mother, brother and sister. At the time of his arrest, he was employed by Larry Reeder Construction Company earning about seven dollars per hour. His adult criminal record indicates one prior conviction for theft. In connection with that theft conviction, defendant was sentenced to serve ninety days in parish jail and to pay a fine of twenty dollars and costs. The imprisonment portion of the sentence was suspended and defendant was placed on unsupervised probation for a period of one year with the conditions that he not commit any other offenses and that he pay the fine and costs. Defendant was still on probation at the time of the instant offense.
In imposing sentence, the trial judge recognized that defendant pled guilty to the instant charge of theft as a result of a plea bargain in which a charge of burglary was dropped and noted that defendant denied any involvement in this burglary. The trial judge also considered defendant’s prior theft conviction and the fact that defendant had been implicated in two other burglaries *315 by Paul Fleming, his co-conspirator. The trial judge further stated: “I’m just hoping that when you get out of jail, you will have learned that the time you spent in jail could have been more profitably spent working some gainful occupation.”
La.Code Crim.P. art. 894.1 states that where a defendant has been convicted of a felony or a misdemeanor, the court should impose a sentence of imprisonment if one or more of the listed conditions are met. This article also enumerates various grounds which, while not controlling the decision of the court, shall be accorded weight in its determination of suspension of sentence or probation. It is further provided that the “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” State v. Gomez, 365 So.2d 1313 (La.1978). Without the trial court’s articulation of the factual basis of each ground which influenced its disposition, the sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice. State v. Martin, 400 So.2d 1063 (La.1981) (on rehearing).
At the time the trial judge imposed the sentence of imprisonment on defendant, he stated that he hoped defendant would learn that his time in jail “could have been more profitably spent” in some gainful occupation. It is evident that the trial judge felt that defendant was in need of correctional treatment. In reaching this conclusion, the trial judge took into consideration defendant’s prior criminal record and the fact that he was on probation for a prior theft conviction at the time of the instant offense. We conclude the trial judge adequately complied with La.Code Crim.P. art. 894.1 and that the record supports the imposition of a sentence of imprisonment in this case.
Next, defendant contends the trial judge erred in considering the confession of defendant’s co-conspirator as evidence of prior criminal activity. The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under art. 894.1 to be considered by the trial judge in sentencing a defendant. Pri- or criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982). We conclude that the trial judge did not err in considering the confession of defendant’s co-conspirator implicating defendant in other criminal activity.
Finally, defendant contends that the sentence imposed is excessive. La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge’s reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abererumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for theft of property having a value of five hundred dollars or more is ten years at hard labor and a three thousand dollar fine. La.R.S. 14:67. As a result of a plea bargain, the charge of burglary was dropped. The maximum sentence for burglary is twelve years at hard labor and a two thousand dollar fine. La.R.S. 14:62. In view of the plea bargain, defendant’s prior criminal activity, and the fact that defendant was on probation at the time of the instant offense, we do not consider that a sentence of six years at hard labor and a fine of one thousand to be “grossly out of proportion to the severity of the crime.” State v. Williams, 397 So.2d 1287 (La.1981). Hence, the sentence im *316 posed is not excessive. The trial judge did not abuse his discretion in imposing the sentence that he did in this case.
Assignments of Error Nos. 1, 2 and 3 are without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in denying him an opportunity to rebut information in the presentence report and concerning the implication of him in other criminal activity.
According to the trial judge’s per curiam, all information concerning the implication of defendant in two other burglaries by Paul Fleming, his co-conspirator, together with the presentence report, was given to defense counsel prior to sentencing. Thereupon, defense counsel advised the judge he would review “these matters” and the presentence report with defendant. At the outset of the sentencing hearing, the trial judge announced that: “[T]he pre-sen-tence investigation has been completed and presented, evaluated by both Mr. Washington [defendant] and his attorney.” He further noted that defense counsel had pointed out to him that defendant denied “knowing anything about the burglary” charge which was dropped as a result of the plea bargain. The judge then sentenced defendant. The record does not reflect, nor does defendant contend, that any request was made to rebut any information in the presentence report or resulting from the implication of defendant in the two other burglaries by Paul Fleming. Hence, we consider defendant waived the opportunity to rebut that information. Moreover, defendant does not even allege in this court that any of the information is incorrect or that he could rebut that information.
Assignment of Error No. 4 is without merit.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.

 Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Fourth Circuit Court of Appeal and Judge H. Charles Gaudin of the Fifth Circuit Court of Appeal participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.