874 So.2d 368 (2004)
STATE of Louisiana, Appellee,
v.
Arthur JENKINS, Appellant.
No. 38,534-KA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*369 Pamela S. Moran, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, C. Sherburne Sentell, III, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
GASKINS, J.
The defendant, Arthur Jenkins, appeals as excessive his sentence to serve five years at hard labor following his plea of guilty to possession of cocaine. For the following reasons, we affirm the conviction and sentence.

FACTS
On August 10, 2001, the defendant was a passenger in a vehicle that was stopped for a traffic violation in Cullen, Louisiana. A consent search disclosed two bags containing a total of ten grams of marijuana and one rock of crack cocaine. The other occupants of the vehicle claimed that the contraband belonged to the defendant. The defendant was arrested on charges of possession of cocaine, possession of marijuana with intent to distribute, and possession of drug paraphernalia.
The state charged the defendant with possession of cocaine and possession of marijuana with intent to distribute. The former charge, a violation of La. R.S. 40:967, at the time of the offense was punishable by imprisonment at hard labor for no more than five years. The latter charge, a violation of La. R.S. 40:966, was punishable by imprisonment for not less than five years nor more than thirty years. The paraphernalia charge was not formally lodged by the DA's office.
On July 25, 2003, the defendant entered a plea of guilty to possession of cocaine. In exchange for the plea, the marijuana charge was dismissed. After ordering a presentence investigation (PSI) report, the court imposed the maximum prison sentence of five years and denied a timely motion for reconsideration of sentence. The defendant appealed, arguing that the sentence is excessive.

*370 DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Here, the record shows an adequate factual basis and adequate consideration of the guidelines for the sentence imposed.
The second prong of the test of whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. However, in cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Prior to imposing sentence, the court reviewed a PSI report and considered the facts of the case. The defendant was 49 years old at the time of the present offense. He completed the tenth grade and worked at a grocery store for 12 years. His marriage of five years had produced two children, both of whom were adults.
The defendant had been convicted in 1980 for second degree battery. He was charged in 1997 with aggravated battery, but was allowed to plead guilty to simple battery. The court noted that the defendant was a second felony offender and that he had a history of violent behavior. The court determined that a lesser sentence would deprecate the seriousness of the offense and that there was a likelihood of continued criminal conduct if the defendant were granted probation.
On this record, we do not find constitutional error. The defendant's plea bargain *371 substantially reduced his sentencing exposure. The offense of conviction does not adequately describe his criminal conduct. The sentence imposed is lawful. Considering the defendant's record, his social background, and the totality of the circumstances of this case, we find that the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence. It is not constitutionally excessive.

ERROR PATENT
The defendant also requested that this court review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556. No such errors are noted.

CONCLUSION
The conviction of the defendant, Arthur Jenkins, for possession of cocaine, and sentence to serve five years at hard labor are affirmed.
AFFIRMED.