| RASKINS, J.
The defendant, Johnny D. Williams, appeals as excessive his sentence to 30 years at hard labor, without benefit of parole, probation, or suspension of sentence, following his guilty plea to armed robbery. For the following reasons, the conviction and sentence are affirmed.
FACTS
In the early morning hours of November 4, 1999, John William Gaines was found dead, inside the liquor store where he worked, from a single gunshot wound to the head. Earlier, the victim’s mother phoned him to say that she would pick him up at 11:00 p.m. When she arrived, he failed to come to the door of the store. She left and later called the store, but got no answer. She alerted police who found the drive-through window and the back door of the store open. The victim’s body was found inside. Money and merchandise were missing as well as the tapes from the security cameras.
Later that morning, a witness contacted the police and said that she had seen the defendant and Walter Moore, Jr. behind the liquor store the night before. Moore and the defendant were located and taken in for questioning.
The defendant cooperated with police and admitted his part in the robbery. He said that he and Moore agreed to commit the armed robbery of the liquor store. After entering the store late at night, the defendant locked the front door, kicked in the door to the office, and took tapes from the surveillance cameras. In the meantime, Moore killed the victim. They loaded money and liquor into a duffle bag and fled the scene. TheRdefendant helped the police locate some of the stolen items which he and Moore hid immediately after the robbery. According to the defendant, when the robbery was planned, he did not know that the victim would be killed.
In November 1999, the defendant was charged by grand jury indictment with first degree murder and conspiracy to commit armed robbery. Following plea negotiations, the original charges against the defendant were dismissed in exchange for his plea of guilty to one count of armed robbery.[1]
On October 8, 2003, the defendant was sentenced to serve 30 years at hard labor without benefit of parole, probation, or suspension of sentence. A timely motion for reconsideration of sentence was denied. The defendant appealed, claiming that the sentence is excessive, that the trial court did not adequately articulate its reasons for the sentence or consider mitigating factors sufficiently, and the trial court should have considered an alternative or significantly less harsh sentence.
LEGAL PRINCIPLES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the *685 guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983);3 State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for the sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Herrington, 32,858 (La. App.2d Cir.12/8/99), 749 So.2d 862. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jenkins, 38,534 (La.App.2d Cir.5/12/04), 874 So.2d 368.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33, -111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385. Additionally, a plea bargain which brings about substantial benefit to a defendant is a legitimate consideration in sentencing. State v. Herrington, supra.
The second prong examines whether the sentence imposed is constitutionally excessive which depends upon the circumstances of the case and the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense and is nothing more than purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980),4 A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
DISCUSSION
In this case, the record shows that the trial court considered the factors enumerated in La. C. Cr. P. art. 894.1. Prior to imposing sentence, the court considered a presentence investigation report, letters submitted on behalf of the defendant, the facts of case, and the defendant’s cooperation with investigators and at the trial of his co-defendant. The court noted that the defendant was a youthful offender. The court acknowledged that the defendant had a juvenile record, but stated that fact was not. considered in sentencing. In mitigation, the court acknowledged that the defendant, did not have an adult criminal record, but noted that, because the defendant was only 18 years old when, the present offense occurred, he had not had time to amass an adult criminal record. The court stated that the defendant did not know that the victim would be killed when the armed robbery was planned.
The court said that, having. considered the sentencing guidelines, it determined that the defendant, who faced a sentencing range of ten to 99 years without benefits, was in need of treatment in a custodial environment. |fiThe court also found that there was an undue risk of a repeat offense. The court stated its belief that a lesser sentence would deprecate the seriousness of the offense. The defendant received leniency from the state by not being charged with murder. The court considered the present offense, which involved taking a loaded firearm into a place *686 of business, to be an extremely serious crime.
The court noted there was no provocation for these offenses; the victim did not induce or facilitate the crimes. The defendant came from an intact family. His social history and background did not predict this kind of conduct. The court noted that the victim’s family had made a nonbinding suggestion that a 25-year sentence would be appropriate.
The defendant made a statement in which he said he was involved in this matter because he had needed money at the time. He claimed to have two children and expressed remorse.
On this record, we do not find constitutional error. The defendant was exposed to a sentencing range of no less than ten years to no more than 99 years under the amended charge. The record shows the trial court carefully evaluated the facts and circumstances of this matter at great length before delivering the sentence. The sentence is lawful, less than one-third of what could have been imposed, and is not grossly disproportionate to the severity of the offense of conviction. Equally, the sentence is not shocking to our sense of justice.
Particularly in light of the seriousness of this offense and the loss of life that occurred, the trial court did not abuse its discretion in the |fiimposition of this sentence. The assigned errors are without merit. The sentence complained of is not constitutionally excessive.
CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Johnny D. Williams, are affirmed.
AFFIRMED.

. Moore was convicted of second degree murder and given the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. State v. Moore, 38,444 (La.App.2d Cir.6/23/04), 877 So.2d 1027.