910 So.2d 973 (2005)
STATE of Louisiana
v.
Donald MORTON.
No. 05-KA-137.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 2005.
*974 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Assistant District Attorney, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee, The State of Louisiana.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant, Donald Morton.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Donald Morton seeks review of his sentence on his conviction of one count of violation of La.R.S. 40:467(C), possession of cocaine. His only assignment of error is excessive sentence. We affirm.
On December 3, 2003, the Jefferson Parish District Attorney filed a bill of information charging Donald Morton with possession of cocaine in violation of La.R.S. 40:967(C). The defendant pleaded not guilty. On June 23, 2004, the case was tried before a six-person jury, which found the defendant guilty as charged. On July 12, 2004, the trial court sentenced the defendant to imprisonment at hard labor for three years and six months, to run concurrently with sentences imposed on charges in several other cases.[1]
Due to his trial counsel's failure to make a timely motion for appeal, the defendant filed a Motion for Post-Conviction Relief Seeking Reinstatement of Right to Appeal. His motion was granted on September 30, 2004, and this appeal ensued.

FACTS
At trial, Agent Steven Chase of the Jefferson Parish Sheriff's Office (JPSO) Narcotics Division testified as follows. On November 15, 2003 at 9:40 p.m., he and 10 to 12 other officers executed a search warrant at the defendant's residence at 1208 Marshall Drive in Marrero. The officers approached the rear door and knocked two or three times, but there was no answer. After 30 to 45 seconds, another agent used a ram to break the door open, and the officers entered the residence with their guns drawn.
As they did so, Agent Chase saw Donald Morton standing to the left, by the sofa in front of the television in the room they entered, a rear den. Agent Chase testified the room was smoky, he smelled an odor like burning crack cocaine, and there was a glass pipe on the table. Agent Chase looked in a rear bedroom, but saw no one, then returned while Agent Shane Klein was handcuffing the defendant.
Agent Chase said the defendant "looked kind of intoxicated" and the defendant told the officers he had been drinking beer. Agent Chase said it was obvious someone had been smoking crack cocaine in the house, and the defendant was the only one in it. He said the defendant appeared to be intoxicated.
Agent Chase searched the house for evidence and found two razor blades with off-white crumbs next to them on top of a television in a middle bedroom. Agent Chase searched further and located sandwich bags, razor blades with an off-white *975 residue, and two glass beakers with off-white residue in the kitchen. He field-tested the residue he collected off of the top of the television and on the glass beakers; both tested positive for the presence of cocaine.
Agent Chase also located a voter registration card and a bill with the defendant's name and address on it. After collecting the evidence, Agent Chase brought it to Agent Klein, who listed it on the search warrant return.
The officers subsequently transported the defendant to the correctional center. During the drive, the defendant said that since his mother had died he did not care if he went to jail. The defendant also told them he had been smoking crack cocaine for approximately three years, he was a drug user and not a drug seller, and he did not know where he purchased the drugs from.
Agent Chase's testimony was corroborated by that of JPSO Narcotics Agent Shane Klein. In addition, Agent Klein testified that when he entered the residence, he observed the defendant holding a crack pipe. When he retrieved the crack pipe from the defendant, it felt hot to the touch. Agent Klein explained he could tell the defendant had just been using it and the defendant appeared to be under the influence of crack cocaine. Agent Klein testified the defendant was the only person inside of the residence.
Agent Klein conducted a search of the defendant's person and found $337.00 in his pocket and a clear plastic bag containing two off-white rock-like objects in his right sock that later field-tested positive for the presence of cocaine. Agent Klein logged in evidence as it was brought to him, which included a push rod (used for pushing crack cocaine down a tube) found on the table, a cell phone found on the defendant's person, a digital scale with white powder residue on it, and a set of keys. Agent Klein placed the defendant under arrest and read him his rights. The officers made a videotape of the area, which was shown to the jury.
Thomas Angelica, a JPSO forensic scientist, testified as an expert in analysis of controlled dangerous substances. He stated he analyzed State's Exhibit 1 in globo, which consisted of two off-white rock-like objects and numerous small pieces of an off-white rock-like object, and the tests were positive for cocaine.
After hearing the testimony and considering the evidence, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant asserts the trial court imposed a constitutionally excessive sentence in the following respects.
He points out the trial court failed to articulate any reasons for the sentence, as required by La.C.Cr.P. art. 894.1. He argues that failure indicates the court gave no consideration to his past and personal history or to potentially mitigating factors, such as his depression over the loss of his mother and need for mental health treatment, his drug addiction and need for drug treatment, the fact that he was caught smoking crack cocaine in his homehis "sanctuary"rather than in public, that he was not observed attempting to sell crack cocaine, and that he possessed only two rocks of crack cocaine.
Further, he argues the trial court penalized him for exercising his constitutional right to a jury trial, because the court imposed a more severe sentence on this charge in comparison to the other possession of cocaine charge, to which the defendant pleaded guilty. In addition, the three-and-one-half year sentence on the possession charge here was greater than *976 he received on the possession with intent to distribute cocaine conviction, which carries a maximum sentence of 30 years.
In response, the State points out that the sentence is within the statutory guidelines and is a year-and-a-half less than the maximum sentence allowed by law; that this was not the defendant's first or only drug charge; and that the trial judge did not abuse his sentencing discretion.
The defendant did not object to the sentence orally, nor did he file a motion to reconsider sentence. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Dupre, 03-256, p. 7 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509.
The imposition of excessive or cruel punishment is prohibited by the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution. A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528, 534 (La. 1982).
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. State v. Guzman, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167. The trial judge is afforded wide discretion in determining a sentence and if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Sanders, 98-855, pp. 4-5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1278, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175.
In reviewing the sentencing judge's discretion, an appellate court may consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. State v. Harris, 02-1048, pp. 3-4 (La.App. 5 Cir. 2/25/03), 841 So.2d 1005, 1007, writ denied, 03-0742 (La.9/19/03), 853 So.2d 637.
The defendant was convicted of possession of cocaine in violation of La.R.S. 40:967(C), and was sentenced to three-and-a-half years of imprisonment at hard labor. The penalty for possession of cocaine is imprisonment, with or without hard labor, for not more than five years. A fine of not more than five thousand dollars may also be imposed. La.R.S. 40:967(C)(2).
In State v. Freeman, 97-1115, p. 8 (La. App. 5 Cir. 12/29/98), 727 So.2d 630, 636, this Court concluded that the defendant's three-year sentence for a conviction for possession of cocaine was not constitutionally excessive. We stated that the trial court could have imposed a much greater penalty, that the defendant had a prior conviction for distribution of marijuana, and that the defendant admitted the cocaine belonged to him and that he had concealed it under the car seat.
In State v. Jason, 03-1565, p. 4 (La.App. 3 Cir. 6/30/04), 879 So.2d 360, 363, the court concluded that the sentence of three years at hard labor imposed on the defendant following his guilty plea to possession of cocaine was not constitutionally excessive, noting that the maximum sentence for possession of cocaine was five years, *977 and that the defendant had a previous possession of cocaine conviction.
In State v. Jenkins, 38,534, p. 4 (La.App. 2 Cir. 5/12/04), 874 So.2d 368, 370-371, the court found that the defendant's five-year sentence was not constitutionally excessive, pointing out that the defendant's plea bargain substantially reduced his sentencing exposure and that the defendant had prior convictions for second degree battery and simple battery.
In State v. Fairley, 02-168, p. 5 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 815-816, this Court concluded that sentencing the defendant who pleaded guilty to possession of cocaine to five years imprisonment was not constitutionally excessive, given the fact that the defendant was 42-years-old and had a prior felony conviction for armed robbery.
In State v. Hill, 33,322, p. 2 (La.App. 2 Cir. 4/5/00), 756 So.2d 1254, 1255, writ denied, XXXX-XXXX (La.3/16/01), 787 So.2d 308, the court held that the maximum term of five years at hard labor was not excessive for a 31-year-old the defendant who pleaded guilty to cocaine possession and had two prior drug convictions.
In State v. McCorkle, 97-966, pp. 14-15 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219, this Court held the defendant's sentence of five years at hard labor for possession of cocaine was not constitutionally excessive, because the defendant had a criminal history and he had not received the maximum sentence that could have been imposed, because the trial judge also could have imposed a fine on the defendant.
In the instant case, we find that the sentence of three-and-a-half years is not constitutionally excessive. Not only is the sentence one-and-a-half years less than the maximum sentence, but also the trial court could have imposed a fine on the defendant. In addition, the defendant pleaded guilty to several other drug-related charges, including possession of cocaine, possession of cocaine with intent to distribute, possession of marijuana, and possession of drug paraphernalia. Finally, the sentence is in line with those imposed on similarly-situated defendants.
Our review for patent errors, pursuant to La.C.Cr.P. art. 920, reveals none.[2]
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] On July 12, 2004, the defendant pleaded guilty to several other offenses and was sentenced, as follows: possession of cocaine, two years at hard labor; possession of cocaine with intent to distribute, two-and-a-half years at hard labor without benefit of parole, probation, or suspension of sentence; misdemeanor possession of marijuana, six months in parish prison; and misdemeanor possession of drug paraphernalia, six months in parish prison. The court ordered that all the sentences run concurrently.
[2] See also, State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).