DREW, J.
|1Shelia Rowe was charged with possession of a Schedule II controlled dangerous substance, cocaine, contrary to La. R.S. 40:967(C). Pursuant to a plea bargain agreement, the defendant pled guilty as charged. The state agreed not to file an habitual offender bill. A presentence investigation report was ordered and reviewed. The defendant, sentenced to four years at hard labor, now appeals her sentence as excessive. We affirm.
Our law on excessive sentencing is well settled.[1]
Possession of a Schedule II controlled dangerous substance, cocaine, is punisha *364 ble by imprisonment with or without hard labor for not more than five years, or a fine of not more than $5,000, or both. La. R.S. 40:967(C).
|2Defendant is a third felony offender with an extensive drug-related criminal history. She received a substantial benefit from the state’s agreement not to file an habitual offender bill.
During her incarceration, she will have the opportunity to enroll in the Blue Walters Program, which has been an invaluable stepping stone for hundreds of prisoners who have beaten drug addiction. If she sincerely makes an effort,[2] she can ready herself for a productive life after her release.
This period of incarceration will also afford her the chance to secure her GED, another vital tool for dignity and self-reliance.
Considering the abysmal criminal record of this defendant, we do not find this upper-range sentence to be grossly disproportionate to the severity of the crime. It is certainly not shocking to our sense of justice.
This defendant desperately needs help. Sadly, going to prison is apparently the only chance she has to stop her addiction-driven behavior.
DECREE
Defendant’s conviction and sentence are AFFIRMED.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir. 1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the *364 seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.

. The program works if you work the program.