DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-510

STATE OF LOUISIANA

VERSUS

JESSICA D. BRISTER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,070
HONORABLE LESTER KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and  J. David Painter, Judges.

**AFFIRMED.**


Paula C. Marx
P.O. Box 80006
Lafayette, LA 70598
Counsel for Defendant-Appellant:
        Jessica D. Brister

Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
Counsel for Appellee:
        State of Louisiana

PAINTER, Judge

Defendant, Jessica M. Brister, appeals as excessive the sentence imposed in connection with her plea of guilty to possession of methadone and simple possession of marijuana.

**FACTS**

On November 28, 2006, deputies from the Vernon Parish Sheriff's Office responded to a call at 215 Goodman Road in Leesville and spoke to Courtney Brister, Defendant's daughter. Miss Brister advised that she had been slapped by Defendant, causing bruising on her face. Defendant was arrested for causing property damage. After Defendant granted permission for deputies to search the house, Defendant's daughter informed the deputies that there was marijuana in the dog house and drugs in the car. Officers found a zip-lock bag of marijuana in the dog house and a metal container containing pills, some of which were identified as methadone, in the car.

On April 17, 2007, Defendant was charged by bill of information with possession of methadone, a second subsequent offense, a violation of La.R.S. 40:982 and 40:967(C), and with possession of marijuana with intent to distribute, a second subsequent offense, a violation of La.R.S. 40:982 and 40:966(A). On December 5, 2007, Defendant entered a plea of guilty to possession of methadone and to the reduced charge of simple possession of marijuana. In exchange for her plea, the State agreed not to seek any enhancement of the penalties.

Defendant was sentenced to serve three years at hard labor for possession of methadone and six months in the parish jail for possession of marijuana. She was given credit for time served on each sentence, and the sentences were ordered to run concurrently to each other and to the sentence imposed in docket number 72,465.[1]

---

[1] Defendant also entered a plea of guilty to theft over $300.00 but less than $500.00 in docket number 72,465. An appeal involving the sentence imposed for that charge is before this court under

1

A Motion to Reconsider Sentence was filed on February 27, 2008, in which Defendant argued that her sentences were excessive and a manifest abuse of discretion. She also asserted that the trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentences to be imposed. The motion was summarily denied the following day. Defendant is now before this court on appeal asserting that her sentence for possession of methadone is excessive. For the following reasons, we affirm.

## DISCUSSION

*Error Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

The bill of information erroneously stated that Defendant was a second offender pursuant to the provisions set forth in La.R.S. 40:982. *See State v. Edwards,* 06-850 (La.App. 3 Cir. 6/13/07), 963 So.2d 419. In *State v. Skipper,* 04-2137 (La. 6/29/05), 906 So.2d 399, the supreme court held that La.R.S. 40:982 should be treated as a sentencing enhancement provision and should not be set forth in the charging instrument. However, Defendant failed to file a Motion to Quash or to contemporaneously object to the charging instrument on this basis; thus, this issue is precluded from review on appeal. *See State v. Ruiz,* 06-1755 (La. 4/11/07), 955 So.2d 81.

*Excessive Sentence*

---

docket number 08-508.

2

In her sole assignment of error, Defendant argues that the sentence for possession of methadone is excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In her brief to this court, Defendant complains that at sentencing, the trial court discussed the economic harm in connection with one dealing drugs despite the fact that she was found in possession of three methadone pills. Defendant maintains that the record does not support a finding that she was dealing but that in light of her admitted substance abuse problem, the quantity suggests that the pills were for personal use. Defendant, however, did not state this specific ground in her Motion to Reconsider Sentence, and pursuant to La.Code Crim.P. art. 881.1, she is precluded from urging it for the first time on appeal. Accordingly, Defendant's allegation regarding the court's consideration of alleged drug dealing is not properly before this court and will not be considered herein. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

The penalty for possession of methadone is not more than five years, with or without hard labor, and a fine of not more than $5,000.00. La.R.S. 40:967(C)(2). Defendant's three year sentence was sixty percent of the maximum possible sentence, and she was not fined. Further, Defendant received a significant benefit from her plea agreement. Prior to her guilty plea, Defendant faced a felony charge of possession of marijuana with intent to distribute, which carries a penalty of five to thirty years at hard labor and a fine of not more than $50,000.00. La.R.S. 40:966(B)(3). Defendant was allowed to plea guilty to the reduced charge of possession of marijuana, a misdemeanor, and received only six months in the parish jail to run concurrently with the sentence for possession of methadone and the sentence for theft over $300.00, but less than $500.00, in docket number 72,465. Additionally, Defendant was originally charged as a second offender for both offenses. Convictions as a second offender would have resulted in a substantially harsher sentence than that which she received. Pursuant to La.R.S. 40:982(A), a person

4

convicted of a second or subsequent offense ". . . shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both." Defendant was sentenced for the instant conviction and the theft conviction in docket number 72,465 at the same time. At sentencing, the evidence considered by the trial court included a letter written by Defendant to the court, a certificate of baptism, documents from the office of community service, and a certificate of participation in a step program. After reviewing the facts of both offenses and the plea agreement between Defendant and the State, the trial court noted that there were no grounds that would tend to excuse or justify Defendant's conduct, that she had a history of alcohol and drug abuse, and that she was a second felony offender.

Considering the fact that Defendant did not receive a near maximum sentence and in light of the benefit received from her plea agreement, the trial court did not abuse its sentencing discretion. Additionally, Defendant's sentence is in line with those imposed on similarly-situated defendants. *See State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744*; State v. Morton*, 05-137 (La.App. 5 Cir. 7/26/05), 910 So.2d 973. The record indicates that the trial court complied with the requirements of La.Code Crim.P. art. 894.1. Accordingly, Defendant's sentence is affirmed.

CONCLUSION

For these reasons, the sentence imposed on Defendant for possession of methadone is affirmed.

AFFIRMED.