DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-297

STATE OF LOUISIANA

VERSUS

JERRY L. LEFEAT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78556
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Paula C. Marx
P.O. Box 80006
Lafayette, LA 70598-0006
COUNSEL FOR DEFENDANT/APPELLANT:
    Jerry L. Lefeat

Terry W. Lambright
P.O. Box 1188
Leesville, LA 71446
COUNSEL FOR APPELLEE:
    State of Louisiana

**PAINTER, Judge.**

Defendant, Jerry L. Lefeat, appeals as excessive the sentence imposed in connection with his conviction of possession of a controlled dangerous substance, specifically Xanax. For the following reasons, we affirm the sentence imposed.

## FACTS

Subject to a valid traffic stop, Defendant was searched, and the officer found four and one-half pills of Xanax in a cigarette pack in Defendant's pocket. Defendant admitted that he did not have a prescription for Xanax.

Defendant was charged by bills of information with one count of possession of a controlled dangerous substance, Xanax, a violation of La.R.S. 40:969, one count of possession of drug paraphernalia, a violation of La.R.S. 40:1023, one count of operating a motor vehicle with an expired MVI Sticker, a violation of La.R.S. 32:1304, and one count of aggravated battery, a violation of La.R.S. 14:34.

On October 15, 2010, Defendant pled guilty to the reduced charge of attempted possession of Xanax. In exchange for his guilty plea, the State dismissed the remaining charges and agreed not to file any habitual offender proceedings against Defendant.

On December 8, 2010, Defendant was sentenced to two years at hard labor, with credit for time served with the sentence to be served concurrently with any other sentence Defendant may have had to serve at the time of the guilty plea. Defendant filed a "Motion to Reconsider Sentence" on December 16, 2010. The motion was denied without a hearing or written reasons.

Defendant has perfected a timely appeal, asserting only that the sentence was excessive under the circumstances of his case.

1

**DISCUSSION**

Defendant argues that the near maximum sentence of two years was excessive because he was found in possession of only four and one-half Xanax pills and that the trial court did not consider certain mitigating factors.

Defendant pled guilty to attempted possession of a controlled dangerous substance, in violation of La.R.S. 14:27 and 40:967(C). Louisiana Revised Statutes 40:967(C)(2) provides that for the offense of possession of a schedule II drug, the offender may be imprisoned with or without hard labor for up to five years and may be ordered to pay a fine of not more than five thousand dollars. The attempt statute, La.R.S. 14:27(D)(3), provides that an offender "shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both." Defendant could have received a maximum sentence of two and one-half years and a two thousand two hundred and fifty dollar fine. He was sentenced to two years at hard labor and received a one thousand dollar fine.

In *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, the supreme court stated the standard of review for a sentence as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington,* 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook,* 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

2

Furthermore, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court stated:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).

Finally, in *State v. Williams,* 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101, this court held that "[t]he trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1[,]" including "the benefit obtained by the defendant through the plea bargain."

At the sentencing hearing, noting that Defendant's father was recently seriously injured and needed Defendant's assistance, the trial court stated:

> I reviewed the pre-sentence report[,] and the Court is going to note now that the report indicates Mr. Lefeat is a third felony offender which means that he is not qualified or eligible for probationary treatment in this case unless it was under the special circumstances of a Drug Court offense and that is not the case here as part of this plea agreement, so the defendant is not eligible for probation as a third felony offender and I am somewhat restricted. … The court notes that there–this is drug case under Article 894.1 factors[,] and there is significant economic harm or impact on society in general when one deals in the use or distribution of illegal drugs. There are no substantial grounds tending to excuse or justify this criminal conduct… The defendant did not act under strong provocation by anyone. He's forty-eight years of old [sic]–age and he's divorce[d] and has two children. He's in good health. He has some employment history in the past. He has a tenth grade education. He has had a history of drug and alcohol use in the past. His drug of choice has been some cocaine use and in 1997, he did go through an inpatient treatment program at Bridge House but apparently has continued some drug use thereafter. As I noted, he's classified as a third felony offender and the record reflects that on September the 8th, 1995 in the 30th Judicial District Court he was convicted of forgery and theft, given a five-year Department of Corrections sentence, which was

3

suspended and he was placed on five years of supervised probation. That probation was subsequently revoked January 25, 2001. On February 27th, 2001 in the 36th Judicial District Court, he was convicted of issuing worthless checks, felony grade, and given one year with the Department of Corrections. The report also indicates that beginning in 1980, in the Jennings City court, he had begun a history of misdemeanor criminal activity, mostly DWI's, some of which involved probation, which in most cases his probation was revoked because of noncompliance… He[ ] has a very poor history then of compliance with any kind of probationary treatment he's received in the past which certainly would negate any consideration for probation in this case were he even eligible for such. The Court therefore, sentences him considering these factors as follows–and, and I will also note that [] Ms. Nelson was able to cut his exposure in half, by the plea agreement, from five years to two and one [half] years and that's certainly, a significant reduction in this exposure.

Moreover, Defendant's exposure to imprisonment was significantly reduced by his plea agreement in that the State agreed to dismiss several charges, including an aggravated battery charge, which carries a maximum of ten years imprisonment, and the State agreed to not file a habitual offender bill against Defendant.

Concerning the amount of the illegal drug found in Defendant's possession, the trial court did not abuse its discretion when it sentenced Defendant to two years at hard labor, which was six months short of the maximum sentence in this case. See *State v. Rowe*, 43,272 (La.App. 2 Cir. 5/7/08), 982 So.2d 362, *State v. Morton*, 05-137 (La.App. 5 Cir. 7/26/05), 910 So.2d 973, and *State v. Simons,* 29,544 (La.App. 2 Cir. 5/7/97), 694 So.2d 593.

While Defendant argues that the trial court did not take into consideration mitigating circumstances, he did not list what factors the trial court failed to consider. The trial court fully considered Defendant's position and circumstances and, accordingly, did not abuse its vast discretion when it sentenced Defendant to two years imprisonment. Accordingly, the sentence is affirmed.

4

## CONCLUSION

Under the circumstances, we find that the sentence imposed was not an abuse of the trial court's discretion. As a result, Defendant's sentence is affirmed.

**AFFIRMED.**