STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1565


STATE OF LOUISIANA

VERSUS

DESMOND JASON


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NUMBER 00-K-1653-A
HONORABLE JAMES T. GENOVESE, DISTRICT JUDGE

**********

**BILLIE COLOMBARO WOODARD
JUDGE**

**********

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, and Marc T. Amy,
Judges.

**AFFIRMED.**

Mr. Earl Taylor, District Attorney
District Attorney's Office
Twenty-Seventh Judicial District
Post Office Box 1968
Opelousas, Louisiana 70571
(337) 948-3041
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

Mr. James E. Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, Louisiana 71251
(318) 259-2391
COUNSEL FOR DEFENDANT/APPELLANT:
    Desmond Jason

WOODARD, Judge.

Defendant, Mr. Desmond Jason, challenges his sentence of three years at hard labor after he pled guilty to possession of cocaine. For the following reasons, we affirm.

* * * *

On April 14, 2000, Dwain Grimmett, an officer with the Opelousas City Police Department, saw a red Jaguar driving slowly down a street. Officer Roylis Gallow was on the scene, as well. Neither the driver of the vehicle nor the Defendant, who was a passenger in the vehicle, wore seatbelts. When the officer pulled the vehicle over, he saw Mr. Jason put a small plastic bag into his mouth. He then removed the plastic bag from his mouth and put it into his pocket. The officer observed him chew something and when asked what he was chewing, Mr. Jason said he was eating several rocks of crack cocaine and handed the officer the plastic bag, which was later determined to have contained residue of crack cocaine.

On June 16, 2000, Mr. Jason was charged, by bill of information, with one count of possession of a controlled dangerous substance, Schedule II, cocaine, in violation of La.R.S. 40:967(C). He filed a motion to suppress the evidence, which the trial court heard and denied in open court on September 17, 2003. Immediately following the hearing, Mr. Jason entered an *Alford* plea of guilty to the one count of possession of cocaine, after which the trial court sentenced him to three years at hard labor but deferred the imposition of the sentence until Mr. Jason could perfect an appeal. However, he failed to file an appeal within the time delays the law allows. Nonetheless, this court granted an out-of-time appeal on October 1, 2003.

Mr. Jason appeals, alleging that the trial court did not comply with La.Code Crim.P. art. 894.1's requirements when it sentenced him, resulting in an excessive sentence; and that the trial court erred when it did not observe the required three-day delay by sentencing him immediately following the guilty plea.

* * * * *

1

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find none.

**EXCESSIVE SENTENCE**

In his first two assignments of error, Mr. Jason alleges that the trial court did not take into consideration mitigating factors as La.Code Crim.P. art. 894.1 requires, resulting in a constitutionally excessive sentence. Louisiana Code of Criminal Procedure Article 881.1(E) provides that the failure to file or make a timely motion to reconsider sentence precludes a defendant from objecting to the sentence on appeal. Mr. Jason did not make or file a motion to reconsider his sentence. Nevertheless, we will briefly address his allegation that the sentence is excessive under the circumstances.

He pled guilty to possession of cocaine in violation of La.R.S. 40:967(C). Louisiana Revised Statutes 40:967(C)(2) provides for a maximum term of imprisonment of five years, with or without hard labor. Additionally, the offender may be fined up to five thousand dollars. In the present case, Mr. Jason was sentenced to three years at hard labor.

In *State v. Hopkins*,[1] this court held:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits, "cruel, excessive, or unusual punishment." A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering. The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive lacking a manifest abuse of discretion.
>
> The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when

---

[1] 96-1063, p.6 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541 (citations omitted).

imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence.

If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in  Article 894.1 will not require a remand for resentencing.

Mr. Jason argues that "the trial judge failed to adequately consider all of the mitigating factors . . . in imposing a mid range sentence which is normally reserved for the more serious offenders." Specifically, he argues that the trial court should have considered, as mitigating factors, the fact that his was a victimless crime and that he was only twenty-seven years old at the time he pled guilty.

Following a proper *Boykinization*, at the sentencing portion of the hearing, the trial court stated:

In connection herewith, the court notes that this defendant has a prior conviction, by his own admission, a prior conviction of cocaine, a prior drug offense, that this particular offense is another drug offense dealing with possession of cocaine. The court finds that a lesser sentence would – under Article 894.1, the special conditions in this matter, the court feels that a lesser sentence would deprecate the seriousness of the defendant's crime, that the defendant is in need of correctional treatment, and perhaps drug treatment, in a custodial environment that can be provided most effectively by his commitment to an institution. The court notes that this is a second offense possession of marijuana [sic] charge, and as a result thereby, the court finds those factors pertinent to this court's sentence and, therefore, the court sentences the defendant to serve three years at hard labor, with credit for time served. This sentence is not enhanced, he is entitled to diminution of sentence[.]

In *State v. Freeman*,[2] the defendant was sentenced to three years at hard labor for possession of cocaine. Mr. Freeman argued that the sentence was excessive; however, the fifth circuit affirmed it.  He was a second time felony offender; his first offense being distribution of marijuana. In his case, the fifth circuit stated:

---

[2]97-1115 (La.App. 5 Cir. 12/29/98), 727 So.2d 630.

3

We conclude that the defendant's sentence of three years in this case is not constitutionally excessive. A person convicted of possession of cocaine may be imprisoned for up to five years, with or without hard labor, and may be sentenced to pay a fine of not more than five thousand dollars. LSA-R.S. 40:967C (2). The court could therefore have imposed a much greater penalty. Defendant argues that justice would be better served if he were given a suspended sentence, considering that at the time of his conviction he had a job and a good relationship with his son. However, defendant was given such an opportunity when he was placed on probation for his prior conviction.[3]

In the instant case, Mr. Jason has failed to show how the trial court abused its considerable discretion when it sentenced him to a mid range sentence of three years at hard labor. This was Mr. Jason's second conviction for the same offense. The trial court could have sentenced him to a much harsher term as well as a fine of up to five thousand dollars. This court does not find that the sentence is grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. Accordingly, this assignment is without merit.

**SENTENCING DELAY**

Mr. Jason's final assignment of error involves La.Code Crim.P. art. 873's delay requirements for imposing sentence. Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between *conviction* and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article *or pleads guilty, sentence may be imposed immediately.*

(Emphasis added.)

Mr. Jason argues that "[n]owhere in the transcript of the sentencing is there any indication of a waiver of the three day delay for sentencing after conviction, nor the twenty-four hour delay after ruling on the Motion to Suppress, which is required by LSA C. Cr. P. Article 873[.]" However, he entered a plea of guilty under *North*

---

[3]*Id.* at 636.

*Carolina v. Alford*,[4] on September 17, 2003. Article 873 expressly states that if a defendant pleads guilty, the court may sentence him immediately. Further, Article 873 has no application to a motion to suppress. Thus, Mr. Jason's argument that the trial court erred when it sentenced him within twenty-four hours after its denial of his motion to suppress is meritless.

## CONCLUSION

We find no abuse of discretion in the trial court's sentence of three years at hard labor, nor do we find the sentence to be excessive. Further, the trial court did not violate La.Code Crim.P. Art. 873 by sentencing the Defendant immediately after he pled guilty. Accordingly, we affirm the trial court's judgment.

**AFFIRMED.**

---

[4]400 U.S. 25, 91 S.Ct. 160 (1970).