**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**07-1000**

**STATE OF LOUISIANA**

**VERSUS**

**DENNIS CHARLES ALFRED**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 110517
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney**
**David Smith**
**Assistant District Attorney**
**Fifteenth Judicial District**
**Post Office Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Dennis Charles Alfred**

PETERS, J.

The State of Louisiana charged the defendant, Dennis Charles Alfred, by bill of information with first degree robbery, a violation of La.R.S. 14:64.1. After the defendant pleaded guilty to the charge, the trial court sentenced him to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence. Thereafter, the trial court rejected the defendant's motion to reconsider his sentence and the defendant perfected this appeal. In his sole assignment of error, the defendant asserts that the trial court erred in failing to articulate the factors considered in the sentencing process. Thus, the defendant argues, his sentence must be vacated. For the following reasons, we affirm and remand with instructions.

## DISCUSSION OF THE RECORD

In its May 17, 2006 bill of information, the State of Louisiana (state) charged the defendant with having robbed Danielle Alexander while armed with a dangerous weapon. Initially, the defendant entered a plea of not guilty to the charge. However, on August 10, 2006, he appeared in open court with his appointed counsel and changed his plea to guilty as charged.

The trial court sentenced the defendant on March 15, 2007. At the beginning of the sentencing hearing, both the counsel for the state and the defendant announced that they had read the pre-sentence investigation report that had been prepared in contemplation of the sentencing and found it to be accurate. In sentencing the defendant, the trial court made the following statement:

> Have the record reflect that this is the second robbery offense that this defendant has been charged with, previously convicted of armed robbery in '93. The Court will sentence this defendant to twenty (20) years at hard labor, without the benefit of parole, probation, or suspension of sentence.

After the trial court rejected his March 16, 2007 motion to reconsider his sentence, the defendant perfected this appeal.

## ERRORS PATENT EVALUATION

Louisiana Code of Criminal Procedure Article 920(2) requires that all appeals be examined for errors that are "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." In performing this examination of the record now before us, we find one such error.

The record does not contain a transcript of the August 10, 2006 hearing wherein the defendant entered his guilty plea, although it does contain a form signed by the defendant on that date which is entitled "PLEA OF GUILTY." The error before us is found in the language of this form. Specifically, the defendant acknowledges in the form that he has "TWO YEARS *FROM TODAY* TO FILE ANY POST CONVICTION RELIEF PETITIONS." (Emphasis added.) While as a practical matter that statement may be accurate in some situations, the appropriate time period is not two years from the date of sentencing but no "more than two years *after the judgment of conviction and sentence has become final*." La.Code Crim.P. art. 930.8. Additionally, the minute entry for August 10, 2006, does not indicate that this error was ever addressed by the trial court. That entry reads in pertinent part:

> THE COURT ADVISED THE ACCUSED OF ALL RIGHTS AS REFLECTED IN THE TRANSCRIPT OF THESE PROCEEDINGS. THE ACCUSED WAIVED THESE RIGHTS AND THE WAIVER OF RIGHTS FORM WAS EXECUTED AND FILED INTO THE RECORD.

The presence of this error patent on the face of the record requires that we remand this matter to the trial court with instructions to inform the defendant of the correct prescriptive period for filing for post-conviction relief as provided for in La.Code Crim.P. art. 930.8 by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App.

2

3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

_____**OPINION**

Louisiana Code of Criminal Procedure Article 894.1(A) provides the following with regard to sentencing a defendant to incarceration:

> When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:

> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Additionally, La.Code Crim.P. art. 894.1(C) provides that "[t]he court *shall* state for the record the considerations taken into account and the factual basis therefor in imposing sentence." (Emphasis added.)

In his sole assignment of error, the defendant asserts that the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1(C), and because there exists no record to support a twenty-year sentence, the sentence is excessive. We agree that the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1(C), but our inquiry does not end with that conclusion.

In *State v. Hopkins*, 96-1063, p. 6 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541, this court stated:

> The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; *State v. Klause*, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the

3

article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983).

> If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir.1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir.1986); *State v. Morgan*, 428 So.2d 1215 (La.App. 3 Cir.1983), *writ denied*, 433 So.2d 166 (La.1983).

*See also State v. Jason*, 03-1565 (La.App. 3 Cir. 6/30/04), 879 So.2d 360.

Clearly the trial court did not state for the record that it considered the factors set forth in La.Code Crim.P. art. 894.1(A) in imposing a sentence of imprisonment. Furthermore, other than mentioning the defendant's 1993 conviction for armed robbery, the trial court did not state for the record the factual basis and considerations taken into account in sentencing the defendant. Thus, the question before us is whether the record, as it is now before us, contains an adequate factual basis for the sentence sufficient to preclude a remand for resentencing.

In addressing that question, we first note that La.R.S. 14:64.1 (B) provides for a sentencing range of not less than three years, nor more than forty years, at hard labor for commission of the offense of first degree robbery. Additionally, any sentence imposed is to be served "without benefit of parole, probation or suspension of imposition or execution of sentence." *Id.* That being the case, the defendant received a midrange sentence. Additionally, the written guilty plea form specifically advised the defendant of the sentencing range.

As previously stated, the pre-sentence investigation report was accepted as accurate by both the state and the defendant. Considering the information found in that report, we find that the record does contain an adequate factual basis for the sentence imposed.

The pre-sentence investigation report establishes that the defendant was born

4

on February 9, 1973, was never married, but has fathered two children. He has a sixth-grade education, has no military experience, has worked primarily as a manual laborer, and is a fifth felony offender. His adult criminal activity began in April of 1992 with a felony conviction for the first of three convictions for unauthorized use of a movable. In addition to those three convictions, the defendant was also convicted of one count of armed robbery, one count of accessory after the fact to forcible rape, one count of simple criminal damage to property, one count of resisting an officer, and nine misdemeanor convictions. On three different occasions when he was placed on probation, the defendant violated its terms, and the trial court revoked his probation and remanded him to serve his original sentence. The pre-sentence investigation report also suggests that two forgery counts and one theft count were dropped in exchange for the defendant's plea in this case.

As to the offense itself, the pre-sentence investigation report shows Ms. Alexander as stating that the defendant handed her a note at her teller window in the Chase Bank on Moss Street in Lafayette, Louisiana, demanding that she give him $7,000.00. She stated in the report that, as she handed him approximately $6,600.00, the defendant held his hand near his right side as if armed with a weapon and told her he did not want to start shooting. While Ms. Alexander declined to comment concerning the impact the robbery had on her personally, the bank's branch manager commented that Ms. Alexander suffered emotional trauma from it. The representative of the Chase Bank Security Department requested that the trial court punish the defendant to "the fullest extent the law will allow" so as "to protect [their] employees" and to not "be soft on career criminals."

Given the record before us, and particularly the content of the pre-sentence investigation report, we find that the record contains an adequate factual basis for the

sentence imposed. Therefore, although the trial court failed to comply with the provisions of La.Code Crim.P. art. 894.1 when sentencing the defendant, that failure does not require that we vacate the sentence and remand for resentencing.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence. The trial court is instructed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending him appropriate written notice within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

6