# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-457

**STATE OF LOUISIANA**

**VERSUS**

**RICKY ALLEN REXRODE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89832/89833
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Asa Allen Skinner**
**District Attorney - 30th Judicial District**
**Terry Wayne Lambright**
**First Assistant District Attorney**
**Drew W. Mason**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**Telephone: (225) 806-2930**
**COUNSEL FOR:**
    **Defendant/Appellant - Ricky Allen Rexrode**

**THIBODEAUX, Chief Judge.**

Defendant Ricky Allen Rexrode is a second felony offender who pled guilty to the charge of possession of CDS II (methamphetamine) and to the charge of possession of drug paraphernalia. As part of a plea bargain, the State dismissed one count of possession of CDS II (hydrocodone), one count of possession of a legend drug without a prescription (tizanidine hydrochloride), and one count of speeding (35 mph in a 25 mph zone). Mr. Rexrode was sentenced to three years with credit for time served. His motion to reconsider his sentence alleging excessiveness and abuse of discretion was denied. He now asserts excessiveness of his sentence on appeal. We affirm.

I.

**ISSUES**

We shall consider whether Defendant's three-year sentence for possession of CDS II (methamphetamine) is excessive.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Rexrode was stopped for speeding. Mr. Rexrode was driving 36 mph in a 25 mph zone. He granted permission to search his vehicle. The automobile search revealed some pills. A subsequent search of Mr. Rexrode revealed that he had a crystal substance in his right front pocket. The substance was later sent to the crime lab and identified as methamphetamine. Additionally, the officer found a copper and orange smoking device.

Mr. Rexrode was charged by two separate bills of information. Trial court docket number 89832 charged Mr. Rexrode with three felonies: one count of possession of CDS II (hydrocodone), in violation of La.R.S. 40:967(C)(2); one count of possession of CDS II (methamphetamine), in violation of La.R.S. 40:967(C)(2); and one count of possession of a legend drug without a prescription (tizandine hydrochloride), in violation of La.R.S. 40:1060.13. The bill in trial court docket number 89833 charged Mr. Rexrode with two misdemeanors: one count of possession of drug paraphernalia, in violation of La.R.S. 40:1023(C), and one count of speeding (35 mph in a 25 mph zone), in violation of La.R.S. 32:64.

Mr. Rexrode entered a guilty plea to the charge of possession of CDS II (methamphetamine) and to the charge of possession of drug paraphernalia. The remaining charges were dismissed pursuant to the plea agreement.

Following a pre-sentence investigation (PSI), Mr. Rexrode was sentenced to serve three years at hard labor for the possession of CDS II conviction and fifteen days in the Vernon Parish jail for the possession of drug paraphernalia conviction, with the sentences to run concurrently. No contemporaneous objection was made to the sentence.

Mr. Rexrode's Motion to Reconsider Sentence alleging excessiveness of sentence and abuse of discretion for failure to consider mitigating circumstances was denied. Mr. Rexrode now appeals his sentence for possession of CDS II (methamphetamine). The motion and order for appeal are under both docket numbers. Mr. Rexrode does not advance any assignment of error regarding the misdemeanor, which would only be properly challenged under a writ of review pursuant to La.Code Crim.P. art. 912.1.

Mr. Rexrode is a 49 year-old single father of four, and has worked as a mechanic and dispatcher for a cab company. Mr. Rexrode also cares for his two parents. He has been on probation five times since 1995 with three out of five supervision periods terminated unsatisfactorily. The trial court found that Mr. Rexrode needed correctional treatment or a custodial environment.

## III.

## STANDARDS OF REVIEW

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43 (citing *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067).

## IV.

## LAW AND DISCUSSION

Mr. Rexrode alleges that his three-year sentence for possession of CDS II (methamphetamine) is excessive. He argues excessive sentence because his crime has no real victim as the amount of methamphetamine in his possession was intended for personal consumption. Mr. Rexrode urges that he is an addict, but none of his prior convictions were for drug offenses. Mr. Rexrode's only violent conviction was for simple battery.

"[Louisiana] Const. art I, § 20, guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" *Barling*, 779 So.2d at 1042-43. "To

3

constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *Id*. at 1042 (citing *State v. Campbell*, 404 So.2d 1205 (La.1981)).

The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Barling*, 779 So.2d at 1042-43 (citing *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)). In reviewing the defendant's sentence, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. "[T]he appellate court must be mindful that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case. . . ." *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100 (citing *Cook*, 674 So.2d 957).

With regard to sentences for similar crimes, Mr. Rexrode cites *State v. Jason*, 03-1565 (La.App. 3 Cir. 6/30/04), 879 So.2d 360, wherein a second felony offender's three-year sentence for possession of CDS II (cocaine) was affirmed. Mr. Rexrode argues he should receive a lesser sentence than the defendant received in *Jason* because the *Jason* defendant had a recent prior conviction for the same offense, whereas this is Mr. Rexrode's first felony conviction in nearly thirty years and his prior felony was for theft rather than a drug offense. We upheld the defendant's three-year sentence. Additionally, in *State v. Freeman*, 97-1115

(La.App. 5 Cir. 12/29/98), 727 So.2d 630, the fifth circuit likewise upheld a three-year sentence for possession of CDS II (cocaine) where the defendant had a prior conviction for distribution of marijuana.

The trial court noted that Mr. Rexrode's prior felony conviction was for theft in 1989, he has pled guilty to at least seven misdemeanors since then and has failed to satisfactorily complete probation four out of five times. The trial court considered this as an aggravating circumstance, as within the trial court's broad discretion. The trial court may consider the benefit to the defendant obtained by the plea agreement. *Williams*, 839 So.2d at 1101.

In exchange for his guilty plea, the State dismissed a second possession of CDS II charge and a possession of a legend drug charge, both of which carried a maximum sentence of five years at hard labor and a fine of not more than five thousand dollars. Mr. Rexrode has failed to satisfactorily complete misdemeanor probation. The trial court stated that Mr. Rexrode did not appear to respond favorably to probation and posed an undue risk that he would commit another crime. The trial court's imposition of a sentence of three years at hard labor does not appear to "shock the sense of justice," nor was it an abuse of discretion.

We find that the trial court did not abuse its discretion when sentencing Mr. Rexrode and that the sentence is not excessive. Additionally, this court should sever the misdemeanor conviction from the appeal and Mr. Rexrode may file application seeking supervisory review of the misdemeanor conviction in compliance with the Uniform Rules—Courts of Appeal within thirty days of this court's ruling on appeal, if so desired.

We affirm the sentence imposed by the trial court.

5

V.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the sentence imposed by the trial court.

**AFFIRMED.**