647 So.2d 498 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Roy BELL, Jr., Defendant-Appellant.
No. CR94-742.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*499 Jerold Edward Knoll, Michael Francis Kelly, Marksville, for State of La.
Eugene Paul Cicardo Jr., Alexandria, for Roy Bell Jr.
Before YELVERTON, THIBODEAUX and PETERS, JJ.
*500 YELVERTON, Judge.
This is an appeal from the conviction and 18-month hard labor sentence of Roy Bell, Jr., for the aggravated battery of his son, Rhondra, age 15.
The defendant, divorced from the child's mother for six years, went to the boy's house one morning and began whipping him with a switch. The boy ran to a neighbor's house. The defendant followed and, then armed with a stick one inch in diameter by two feet long, struck him on various places on his body. The boy was taken to a doctor immediately afterwards and the doctor testified that he found multiple bruises and abrasions, described as "multiple areas of discolorations like bruises, color changes in the skin, namely, back of the neck, left shoulder blade, upper back, armput[sic] area, upper chest, left arm, left ear, right eye, small touch[sic] of the toes and feet."
Based on this incident defendant was charged with aggravated battery. The jury heard the evidence. The judge told the jury in his instructions what aggravated battery was, and the jury convicted the defendant as charged.
Bell's defense to the charge was justification: reasonable discipline of a minor by his father, as provided by La.R.S. 14:18(4). On this appeal he raises five assignments of error affecting the conviction, and one assignment concerning the sentence.

ASSIGNMENTS OF ERROR RESPECTING THE CONVICTION
1. & 2.
These first two assignments of error are sufficiency of the evidence. The evidence shows that the mother requested the defendant to talk to their child about his fighting. Bell went to the house and started whipping the boy. The boy ran away and went to the house of his aunt, Audrey Turner. She testified he was crying and told her his father had whipped him. She testified that Bell then drove up, entered the house, and began to hit the boy with his hand and with a stick.
Aggravated battery is a battery committed with a dangerous weapon. La.R.S. 14:34. The definition of battery as applicable to this case is the intentional use of force or violence upon the person of another.
The defendant admitted that he "tapped" the boy on the leg with a stick. Audrey Turner testified she saw him hitting the boy with a stick and with his hand. Ms. Turner's daughter, Daisy Mae Hartford, saw him hit the boy once in the leg with a stick. Based on this testimony, any rational trier of fact could have found the essential elements of a battery beyond a reasonable doubt.
There was direct evidence that the defendant used a two foot long by one inch in diameter stick and hit the boy with it. A doctor examined the child immediately afterward and testified that he suffered from multiple bruises and abrasions, and testified that if a stick of that description had been used about the head it could cause serious harm. This was sufficient evidence for a rational trier of fact to find that the defendant used a dangerous weapon.
An offender's conduct is justifiable, although otherwise criminal, when the conduct is reasonable discipline of a minor by its parents, tutors or teachers. La.R.S. 14:18(4). The defendant was either exercising reasonable discipline or administering a criminal beating, and it was up to the jury to determine which. State v. Cheatwood, 458 So.2d 907, 911 (La.1984).
The jury found that it was a criminal beating. The victim testified that his father hit him on his body, his ears, his head, and all over. The jury saw photographs. The doctor who saw the boy immediately after the incident testified that the injuries received by the child in the head area were consistent with injuries caused by a blow from a stick, and generally corroborated the child's description of where the blows landed.
Reasonable discipline was an affirmative defense which the accused had to establish by a preponderance of the evidence. State v. Cheatwood, 458 So.2d 907, 910 (La. 1984). A rational trier of fact could have found that the defendant failed to establish by a preponderance of the evidence that the conduct was reasonable discipline of his child.
*501 3., 5. & 6.
These assignments raise the issues of ineffective assistance of counsel, the admission in evidence of his prior convictions, and character evidence of the victim. The record contains evidence sufficient to decide the issue of ineffective assistance of counsel. The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-prong test enunciated by the Supreme Court. First, the defendant must show that Counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La. 1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3d Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United State Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984); Strickland, supra.
Defendant claims that his attorney should have filed motions to suppress evidence of his previous convictions, or object to the admission of evidence of prior convictions, for simple battery. His reasons for claiming this was ineffective representation included the observation that the admission of these convictions was prejudicial, and also the argument that at the prior convictions he was unrepresented and/or failed to waive his right to counsel. The minute entries from the eight prior convictions introduced into evidence show that the defendant was either represented by counsel or waived his right to counsel. In only one is there some question of whether he was uncounseled. This does not show real prejudice. Furthermore, defendant took the stand in an attempt to establish his defense of justification. It is a general rule that in a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions. La.Code Evid. art. 609.1(A). Since the defendant's best defense was justification, and his testimony was needed to establish that defense, counsel's performance was neither deficient nor did it prejudice the outcome of the trial.
Defendant also claims that it was deficient conduct for his trial counsel to neglect to call the victim's younger brother to establish that the victim started the fight. The evidence shows, however, that the younger brother was not present when the actual beating occurred at the home of the victim's aunt.
Finally, defendant claims that his counsel acted ineffectively by failing to introduce character evidence of the victim. We first note that a considerable amount of evidence of the character of the victim came in despite the ruling by the court that the threshold requirement of a hostile demonstration or overt act had not been shown. To the extent that any evidence was excluded because of that ruling, we find no fault on the part of defendant's counsel. Defendant did not plead self defense in this case; he pleaded the justification of reasonable discipline. There was no evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, and the trial judge properly so ruled. Evidence of his dangerous character was properly excluded. La.Code Evid. art. 404(A)(2).
For these same reasons we find no error in the trial court's ruling excluding evidence of the character of the victim.

*502 SENTENCING ASSIGNMENT

Defendant complains that the sentence is excessive. He was sentenced to 18 months at hard labor. The maximum incarceration for aggravated battery is 10 years. The sentencing judge considered the sentencing guidelines. The judge set out extensive reasons for his sentence. Our review is limited to constitutional excessiveness. State v. Smith, 639 So.2d 237, 240 (La.1994), on rehearing.
The sentence was at the low end of the statutory sentencing range. The defendant had a prior criminal history of eight convictions, which included six simple battery convictions. The sentence was not constitutionally excessive.
The conviction and sentence are affirmed.
AFFIRMED.