692 So.2d 538 (1997)
STATE of Louisiana
v.
Joseph W. HOPKINS.
No. 96-1063.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*539 Michael Harson, Lafayette, for State of La.
Thomas James Frederick, Lafayette, for Joseph W. Hopkins.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
DOUCET, Chief Judge.
The defendant, Joseph Hopkins, appeals a conviction for second degree battery and the sentence imposed as a result.
Late June 4, or early June 5, 1995, the defendant and the victim, Michelle Nicholas, became involved in an argument while on the way to Hopkins' trailer. When they arrived at the trailer in the early morning hours of June 5, Hopkins obtained a thick branch and struck Nicholas on the buttocks. Once inside the trailer, he told her to remove her clothes and lay on a mattress. She complied, laying down in her underwear. The defendant continued striking Nicholas on the buttocks. He told her to strip completely. When she did so, he struck her some more.
The victim went to the Abbeville Police Department and reported the incident. Police took photographs of the injuries and transported the victim to Abbeville General Hospital. A doctor examined Nicholas and prescribed pain medication.
The defendant was charged with aggravated battery, a violation of La.R.S. 14:34. He was tried on January 30, 1996. The jury returned a verdict of second degree battery, a lesser-included offense. On April 30, 1996, the district court sentenced the defendant to serve five years at hard labor and to pay a $2,000 fine. The court denied Hopkins' motion to reconsider sentence on May 13.
Hopkins now appeals his conviction and sentence.

SUFFICIENCY OF THE EVIDENCE
The defendant asserts that the evidence adduced at trial was insufficient to support his conviction. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the credibility of the witnesses. The appellate court should not question the credibility determinations of the trier of fact beyond the sufficiency evaluations called for under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559.
To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt. The jury convicted Hopkins of second degree battery. He now argues this result is inappropriate because no "serious bodily injury" occurred.
Second degree battery is defined by La. R.S. 14:34.1:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Louisiana juries have the power to enter compromise verdicts, where the responsive verdict is legislatively authorized. Second degree battery is a proper responsive verdict for aggravated battery. La.Code Crim.P. art. 814(A)(14). Where the defendant acquiesces in the submission of responsive verdicts to a jury, he is bound by the jury's decision to employ a responsive verdict. The *540 evidence must support either the responsive verdict returned or the crime charged. State v. Porter, 93-1106 (La.7/5/94); 639 So.2d 1137.
The record reflects that the defendant did not object to the submission of the lesser-included offense. Therefore, we must consider whether the evidence contains the elements of aggravated battery.
Aggravated battery is defined at La.R.S. 14:34:
Aggravated battery is a battery committed with a dangerous weapon.
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.
Battery is defined at La.R.S. 14:33: "Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another."
If the record shows that Hopkins used a "dangerous weapon" to intentionally exert force or violence upon Ms. Nicholas, the conviction will stand. Aggravated battery contains an act element and an intent element. La.R.S. 14:8(1).
The victim gave the only direct evidence regarding the elements of the crime. She and Hopkins were the only persons present during the incident. He did not testify, but presented other witnesses who gave evidence as to peripheral circumstances, including whether Ms. Nicholas was intoxicated, and whether she fell. The victim testified to the events described above. The photographic evidence supported this direct evidence. Further, the treating physician, Dr. Harold Trahan, stated Ms. Nicholas had sustained a bruise four inches wide across her buttocks. According to Dr. Trahan, the bruise was "quite dense," suggesting either multiple blows, or a single heavy blow, with a blunt instrument. This evidence is sufficient to satisfy the act element of the crime.
Aggravated battery is a general intent crime. The jury can infer intent from the circumstances. State v. Etienne, 94-910 (La.App. 3 Cir. 2/1/95); 649 So.2d 1230, writ denied, 95-544 (La.6/23/95); 656 So.2d 1012. "General intent" is defined by La.R.S. 14:10(2):
General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
The circumstances show that Hopkins must have been aware of the prescribed criminal consequences of his actions.
The final legal question is whether the branch Hopkins used on the victim's buttocks is a "dangerous weapon." This circuit recently dealt with a similar case, State v. Bell, 94-742 (La.App. 3 Cir. 12/7/94); 647 So.2d 498. In that case, the court found that a two foot long stick one inch in diameter used to hit a child was a dangerous weapon, especially in light of expert testimony that if used on the head it could cause serious injury.
Here we find that a stick that leaves a four-inch bruise is a "dangerous weapon."
Dangerous weapon includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. La.R.S. 14:2. The test is not whether the weapon is inherently dangerous, but whether it is dangerous "in the manner used." Reporter's Comments under La.R.S. 14:2. The Louisiana Supreme Court has stated:
"Whether the weapon used by defendant was dangerous ... was a question for the jury to determine upon considering not only the character of such weapon, but by whom, upon whom, and in what manner it was used." State v. Washington, 104 La. 443, 29 So. 55 (1900).
State v. Harrison, 501 So.2d 1041, 1042 (La. App. 2 Cir.), writ denied, 515 So.2d 444 (La.1987).
Therefore, we find that the prosecution proved the elements of the crime charged.

*541 EXCESSIVE SENTENCE
In this, his second assignment, the defendant complains that his sentence is constitutionally excessive, citing State v. Sepulvado, 367 So.2d 762 (La.1979). He does not argue that any deviation occurred regarding La.Code Crim.P. art. 894.1. The lower court sentenced the defendant to five years at hard labor, with a $2,000 fine. This is the maximum sentence provided by La.R.S. 14:34.1, the statute that defines second degree battery.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits, "cruel, excessive, or unusual punishment." A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. Id.; State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive lacking a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La. App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
Normally, courts impose maximum sentences upon the most serious violations of the described offense, and for the worst kind of offender. State v. Sloan, 528 So.2d 252 (La. App. 3 Cir.1988). Courts have upheld maximum sentences for second degree battery in situations of particularly violent attacks, or for offenders with violent criminal records.
In this case, because the evidence supported the greater charge of aggravated battery, we find that the sentence imposed was appropriate. Because the conduct involved is not adequately described by the conviction, the defendant need not be the "worst type of offender" to receive the maximum sentence. State v. Holland, 544 So.2d 461 (La.App. 2 Cir.1989), writ denied, 567 So.2d 93 (La. 1990).
Accordingly, the sentence and conviction are affirmed.
AFFIRMED.