NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 17-679

STATE OF LOUISIANA

VERSUS

ROBERT EARL SANDERS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 322,524
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.

SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Robert Earl Sanders**

**Robert Earl Sanders**
**Rapides Parish Detention Center DC-111**
**400 John Allison Drive**
**Alexandria, Louisiana  71303**
**PRO SE DEFENDANT/APPELLANT:**
     **Robert Earl Sanders**

**Phillip Terrell, Jr.**
**District Attorney**
**Numa V. Metoyer, III**
**Assistant District Attorney**
**9th Judicial District Court**
**Post Office Box 1472**
**Alexandria, Louisiana  71309**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

Defendant, Robert Earl Sanders, was convicted of second degree kidnapping, a violation of La.R.S. 14:44.1; second degree battery, a violation of La.R.S. 14:34.1; and three counts of domestic abuse aggravated assault, violations of La.R.S. 14:37.7. He was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence for second degree kidnapping; six years at hard labor for second degree battery; and four years at hard labor without benefit of parole, probation, or suspension of sentence for each count of domestic abuse aggravated assault. Each sentence was to run concurrently.

On appeal, this court affirmed all three of Defendant's convictions and his sentence of fifteen years without benefit of parole or suspension of sentence for second degree kidnapping. This court found an error patent because Defendant's sentence for second degree battery was beyond the statutory maximum, vacated his sentence, and remanded the matter for resentencing. This court also amended Defendant's sentences for each of the three counts of domestic abuse aggravated assault to allow for the benefits of parole, probation, or suspension of sentence, as required by La.R.S. 14:37.7. This court instructed the trial court to make an entry in the court minutes to reflect the amendment. *See State v. Sanders*, 16-470 (La.App. 3 Cir. 12/7/16), 209 So.3d 143.

On remand, the trial court resentenced Defendant to the maximum of five years at hard labor for the second degree battery conviction. Rather than making a an entry in the court minutes reflecting this court's amendment of Defendant's sentences for domestic abuse aggravated assault, the trial court resentenced Defendant to four years with benefit of parole, probation, or suspension of sentence on each of the three counts of domestic abuse aggravated assault. The

sentences imposed were to run concurrently with each other and with any sentence Defendant was currently serving for his conviction for second degree kidnapping.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. Defendant has also filed a pro se brief and a supplemental pro se brief that argues his innocence but fails to set out any assignments of error. We therefore grant counsel's motion to withdraw and affirm Defendant's sentences for second degree battery and domestic abuse aggravated assault.

## FACTS:

Defendant was found guilty of second degree kidnapping, second degree battery, and three counts of domestic abuse aggravated assault. The trial court resentenced him according to this court's order.

## ERRORS PATENT:

We review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ANALYSIS:

Counsel seeks to withdraw. Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support reversal of Defendant's sentence.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after

providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries, and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including minute entries, the trial court's written reasons, and the resentencing transcript, and has confirmed the statements by counsel. The trial court resentenced Defendant as ordered by this court, subject to the error patent discussion above. He was present and represented by counsel at the resentencing. His new sentence complies with the statutory sentencing range, and review of the transcript in the record provides only frivolous issues for appeal.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Thus, counsel's *Anders* brief must fully discuss and analyze the record and also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel's brief to this court recites the facts found in the record. He notes the trial court resentenced Defendant within the sentencing range of the statute for second degree battery in effect at the time of the offense. The trial court also

3

resentenced the Defendant to four years on each count of domestic abuse aggravated assault, with the benefit of parole, probation or suspension of sentence, which was the amended sentence ordered by this court.

Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to make or file a motion to reconsider his sentence within thirty days of imposition of the sentence. A defendant who fails to make or file such a motion is precluded from raising any objection to the sentence on appeal. *State v. White*, 03-1535 (La.App. 3 Cir. 4/28/04), 872 So.2d 588; *State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324. While Defendant objected to the sentence when the trial court imposed it, he did not file a motion to reconsider it.

This court has held a defendant waived his right to seek review of his sentence where he lodged no objection to it and failed to file a motion to reconsider. *State v. Duplantis*, 13-424 (La.App. 3 Cir. 11/27/13), 127 So.3d 143, *writ denied,* 14-283 (La. 9/19/14), 148 So.3d 949. This court noted the defendant received a legal sentence, as did Defendant here. Thus, his assignment of error on appeal concerning sentencing lacks merit.

Even so, this court has reviewed claims of excessiveness where the defendant made no objection and did not file a motion to reconsider his sentence. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Bergeron*, 12-71 (La.App. 3 Cir. 10/3/12), 99 So.3d 90, *writ denied*, 12-2388 (La. 4/26/13), 112 So.3d 837; *State v. Arceneaux*, 12-1047 (La.App. 3 Cir. 4/3/13), 111 So.3d 1177. Accordingly, we will review Defendant's sentence from the standpoint of a bare claim of excessiveness to determine whether

4

a claim of an excessive sentence would be a non-frivolous argument on appeal. *State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

At the time of the offense, Defendant was exposed to a sentence of up to five years and a fine of not more than $2,000 for his conviction for second degree battery. La.R.S. 14:34.1. Thus, he received the maximum term sentence.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

In *State v. Hopkins*, 96-1063 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, the defendant struck the victim on the buttocks with a thick branch. He made her remove her clothing, and he struck her some more. The blows left a four-inch bruise. The victim went to the hospital and was prescribed pain medication. This court affirmed the defendant's maximum sentence of five years at hard labor and a $2,000 fine. This court found the evidence supported the greater charge of aggravated battery. Thus, "[b]ecause the conduct involved is not adequately described by the conviction, the defendant need not be the 'worst type of offender' to receive the maximum sentence." *Id.* at 541.

This court's original opinion in this case (*Sanders*, 209 So.3d 143), shows Defendant grabbed his victim, threw her down stairs, held her in his apartment against her will, threatened to "juke" her with a metal meat skewer, sprayed her with lighter fluid, made her think he would set her on fire and "make her look like a mummy[,]" repeatedly struck her on the top of her head with a knife, kicked her in the head, threw her to the ground, caused a serious head injury, poured lighter fluid into her head wound, and slapped her face. *Id.* at 145-46.

At the original sentencing, the trial judge considered Defendant's conduct during the commission of the offenses to manifest deliberate cruelty to his victim. He should have known the victim was particularly vulnerable. He used threats of violence and actual violence in the commission of the offenses. He used a dangerous weapon. The trial judge did not find testimony that the offenses

6

resulted from "a lover's quarrel," which occurred before the offense, to be a mitigating factor. Defendant's acts support the greater charge of aggravated battery, which is the intentional use of force or violence with a dangerous weapon, just as in *Hopkins*, 692 So.2d 538.

Defendant's sentence was within the statutory guidelines. The trial court considered Defendant's indigent status and did not impose the fine allowed by statute. Defendant received a significant benefit from the trial court's ruling that the sentences are to run concurrently, and also received credit for time served. Accordingly, the trial court did not err in sentencing Defendant to the maximum term for second degree battery. Further, Defendant failed to make a non-frivolous argument of an excessive sentence on appeal.

Our review of the record reveals no non-frivolous issues Defendant could raise on appeal. Accordingly, we grant the motion to withdraw filed by counsel. We also affirm Defendant's sentences imposed by the trial court for second degree battery and domestic aggravated assault.

**SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.