**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-532

STATE OF LOUISIANA

VERSUS

BENJAMIN GUILLORY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY NO. 15-K-2742
HONORABLE D. JASON MECHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Earl B. Taylor
District Attorney
Twenty-Seventh Judicial District
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-3041
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward Kelly Bauman**
**La Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR APPELLANT:**
    **Benjamin Guillory**

**Cooks, Judge.**

Defendant Benjamin Guillory was initially charged with armed robbery, a violation of La.R.S 14:64, in 2015. In February 2016, an amended information charged him with violations of La.R.S. 14:64 and 64.3, armed robbery while using a firearm. A jury found Defendant guilty as charged.

On April 27, 2017, the trial court ordered a presentence investigation (PSI) report be filed in the record and sentenced Defendant to twenty-five years at hard labor for armed robbery, with an additional five years for use of a firearm. The entire term is to be served without benefit of probation, parole, or suspension of sentence.

On May 23, 2018, the trial court granted Defendant's motion for an out-of-time appeal and appointed the Louisiana Appellate Project to represent him. Appellate counsel has filed a motion to withdraw, with a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Counsel alleges that after a thorough review of the record, he can find no non-frivolous issues to present to this court for review. After review of the record we find the conviction and sentence are affirmed and counsel is permitted to withdraw.

## FACTS

On July 2, 2015, an African-American male dressed as a woman robbed the St. Landry Bank in downtown Opelousas, Louisiana. His disguise included sunglasses and a wig, and his face was obscured. He produced a handgun, made threats, and fired the gun as he left the bank. A nearby jogger saw him running, throwing down a glove, and entering an alley. Soon thereafter, the witness saw an African-American male wearing shorts and no shirt leaving the same alley. The witness followed him and pointed him out to police as they responded to the bank robbery. When police apprehended Defendant, they observed he had a white substance on his face that appeared to be makeup.

Officers searched the alley and found a wig, sunglasses, a knit cap, cash in a pillow case, loose cash, and a pistol. Some of the cash recovered was still marked with identifying bands from St. Landry Bank. The police recovered $20,000 of the $23,000 stolen in the robbery. Subsequent lab tests revealed DNA recovered from the hat, glove, and sunglasses matched Defendant's. DNA from two people was recovered from the pistol's trigger; Defendant could not be excluded as a contributor. DNA from the pistol's grip was inconclusive. DNA on the pistol's slide was a mixture from three people; Defendant could not be excluded as a contributor.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS

This court's analysis for *Anders* claims is well-settled:

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

2

*Id.* at 531.

> While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit [,]" counsel's *Anders* brief must " 'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903, 100 L.Ed.2d 440 [ (1988) ]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the [trier of fact] for its consideration." *Id.* Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177.

*State v. Sanders*, 16-470, pp. 5-6 (La.App. 3 Cir. 12/7/16), 209 So.3d 143, 147-48, *writ denied*, 17-218 (La. 11/6/17), 229 So.3d 470.

Counsel states he has found no non-frivolous issues to present for review. As he observes, Defendant did not object to the introduction of any of the State's evidence at trial. Although no eyewitness could testify that the man who ran into the alley in costume was the same man who came out of the alley wearing only a pair of shorts, the circumstances strongly suggest this conclusion. For example, one witness testified there was only one way in and out of the alley. Further, the DNA evidence showed Defendant had physical contact with three items discarded in the alley and could not be excluded as having had contact with the firearm police recovered. Pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), we find it was rational for the jury to conclude Defendant was the same man who robbed St. Landry Bank.

Regarding the sentence, appellate counsel opines that considering the possible sentencing range under La.R.S. 14:64 is ten to ninety-nine years, the twenty-five-

year sentence for armed robbery does not "shock one's sense of conscience." Although counsel cites no sentencing cases, the terminology clearly refers to jurisprudence outlining the analysis for an assertion of excessive-sentencing:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to *shock our sense of justice* or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating

> circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (emphasis added).

Considering the factors set forth in *Soileau*, we note the nature of the crime is serious. This was an armed robbery of a bank while open for business that included the discharge of a firearm. Defendant has only one prior conviction for possession of a controlled dangerous substance with intent to distribute. Nevertheless, comparing Defendant's sentence to other sentences for similar offenses, we observe "the Louisiana Supreme Court has consistently held that a sentence of thirty to fifty years for the offense of armed robbery is acceptable [even] for a first offender[.]" *State v. Shupp*, 15-695, p. 35 (La.App. 3 Cir. 2/3/16), 185 So.3d 900, 923.

We find appellate counsel is correct in concluding that the conviction and sentence are sound. Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 537 So.2d 528, we have performed a thorough review of the record, including transcripts, pleadings, minute entries, and the charging instrument. Defendant was present and represented by counsel throughout the proceedings, although we note trial counsel waived his presence while the State was presenting physical evidence so that he could go to the bathroom. It is not clear when he returned to the courtroom, although he was present before defense counsel began cross-examination. Counsel also waived his presence for the jury charge conference. We note in *State v. Matthis*, 07-691 (La. 11/2/07), 970 So.2d 505, the supreme court held that counsel was not ineffective for waiving the defendant's presence during a viewing of the crime scene, even though it was a critical stage of the proceedings. The court observed there was strong evidence of defendant's guilt. *Id.* We find that, taken together, the State's

evidence formed a solid case.  Pursuant to *Matthis*, even if present counsel erred, Defendant is not entitled to any relief.

Thus, we have found no non-frivolous issues that counsel should have presented for appeal.  Accordingly, Defendant's conviction and sentence are affirmed and counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED.  MOTION TO WITHDRAW GRANTED.**
This opinion is **NOT DESIGNATED FOR PUBLICATION**.